UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Reuben B. Woods, | Civil No. 13-737 (PJS/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. Department of Homeland Security, | |
| Respondent. | |

_____

Ruben B. Woods, *Pro Se*, for Petitioner.
Gregory G. Brooker, Assistant United States Attorney, for Respondent.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner Ruben B. Woods' Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241. Woods sought immediate release from United States Immigration and Customs Enforcement (ICE) detention while pending removal from the Untied States. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the Petition be **DENIED as moot** and that this action be dismissed.

### I. BACKGROUND

On April 1, 2013, Woods filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that he was detained by ICE in violation of his rights under federal law and the Constitution. ECF No. 1. Specifically, Woods claimed that his detention, which had spanned a period of over 10 months, was unconstitutional under the principles set forth in

*Zadvydas v. Davis*, 533 U.S. 678 (2001).[1] At the time the Petition was filed, Woods was detained in the Caver County Jail. ECF No. 1. On April 5, 2013, in accordance with Respondent's custodial review procedures, Respondent released Woods from custody subject to several supervisory terms and conditions. *See* Decl. of Gregory G. Brooker, Ex. A, ECF No. 5.

## II. DISCUSSION

Article III of the Constitution grants federal courts jurisdiction over ongoing cases and controversies. *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). An actual controversy must exist at all stages of review, not merely at the time a complaint is filed. *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) (internal quotations and citations omitted). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Ali*, 419 F.3d at 723-24 (internal citations omitted).

Generally, in a habeas case, a petitioner's release from custody does not automatically render a habeas petition moot. *Sayonkon v. Beniecke*, No. 12-cv-27 MJD/JJK, 2012 WL 1621149, at *2 (D.Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Whether a petition is moot subsequent to a prisoner's release rests on the potential application of exceptions to the mootness doctrine. *Id*. The Court should not dismiss a petition as moot if any of the following exceptions apply: "(1) secondary or 'collateral' injuries survive after resolution

---

[1] Here, Woods was not challenging the underlying order of removal, but rather his ongoing detention in ICE custody. ECF No. 1 at 2. Nor could Woods challenge his removal in the instant action. *See* § 1252(a)(5) (providing that, notwithstanding 28 U.S.C. § 2241, "a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means of judicial review of an order of removal*") (emphasis added).

of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (quoting *Chong v. District Dir., INS*, 264 F.3d 378, 384 (3d Cir. 2001)). As none of the mootness doctrine exceptions apply to the instant action, the Petition should be denied as moot.

First, no collateral consequences pertain to Wood's supervised release. Collateral consequences exist when a continuing injury remains "other than the now-ended incarceration or parole." *Sayonkon*, 2012 WL 1621149, at *2 (quoting *Spencer*, 523 U.S. at 7). Woods could potentially argue that the conditions specified in his Order of Supervision are collateral consequences different and apart from his former detention.[2] *See Id.* (suggesting that a petitioner may contend that imposed conditions of release are collateral consequences under the mootness doctrine). Yet this argument is misplaced as "the collateral-consequences exception does not apply where such conditions follow from the final order of removal and not from the allegedly prolonged detention itself." *Id.* (internal citations omitted). Furthermore, conditions placed on individuals awaiting removal "satisfy due process because they are rationally related to the legitimate government interests of reducing the number of 'absconding aliens' and 'accounting for and being able to produce any alien who becomes removable.'" *Id.* (internal citations omitted).

Second, Wood's detention does not meet the narrow mootness exception of being capable of repetition yet evading review. *See Randolph v. Rodgers,* 170 F.3d 850, 856 n.7 (8th Cir. 1999) (identifying this mootness doctrine exception as "extraordinary and narrow"). This

---

[2] For a complete lists of Woods' supervisory conditions, *see* ECF No. 5 at 4-7.

exception applies when "there is a reasonable expectation the complaining party will be subject to the same action again." *Id*. (citing *Hickman v. Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998)). No evidence before this Court suggests that Woods will again be detained by ICE for a lengthy duration. According to the conditions governing Woods' release, Woods will remain at large, subject to supervision by ICE, until documents are obtained to effectuate removal.[3]

Third, the voluntary cessation exception is not applicable. Under this exception, "voluntary cessation of offensive conduct will only moot litigation if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." *Sayonkon*, 2012 WL 1621149, at *4 (quoting *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005)). Here, there is no indication that Respondents released Woods from custody with the sole purpose of divesting this Court's review of the Petition on the merits.

Finally, this case is not a class action. The fourth mootness exception is therefore irrelevant.

In sum, Woods' petition sought release from ICE custody. Because ICE has previously released Woods and the mootness doctrine exceptions are inapplicable to the case at hand, no case or controversy exists under Article III. This Court can no longer grant the relief Woods originally sought. This action is therefore moot.

---

[3]  Woods' Release Notification states that "ICE will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. In addition, you are required by law to continue to make good faith efforts to secure a travel document pppppon your own and provide proof of your efforts to ICE. Once a travel document is obtained, you will be required to surrender to ICE for removal. You will, at that time, be given an opportunity to prepare for an orderly departure." ECF No. 5, Ex. A at 2.

## III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Woods' Petition for Writ of Habeas Corpus [ECF No. 1] be **DENIED as moot**; and

2. This action be dismissed.

DATED: January 29, 2014                             *s/Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 12, 2014**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.